IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD L. AUSTIN, JR., )<br>)<br>Plaintiff, )<br>vs. )<br>)<br>JO ANNE B. BARNHART, )<br>Commissioner of the Social Security )<br>Administration, )<br>)<br>Defendant. ) | NO. CIV-05-1054-HE |

## ORDER

Plaintiff Donald L. Austin, Jr., instituted this action seeking judicial review of the defendant Commissioner's final decision denying his application for disability insurance benefits and supplemental security income benefits. Consistent with 28 U.S.C. § 636(b)(1)(B) and (C), the case was referred to Magistrate Judge Valerie K. Couch, who has recommended that the Commissioner's decision be reversed and remanded. The magistrate judge found that the administrative law judge ("ALJ") committed legal error in his credibility assessment and that his credibility determination was not supported by substantial evidence, which then affected his residual functional capacity determination. She also concluded that the ALJ failed to make specific findings as to the evidence he relied upon when deciding whether the plaintiff was entitled to disability insurance benefits and/or supplemental security income benefits. Finally, Magistrate Judge Couch found that, while a missing page in the record precluded a determination of whether the ALJ relied on nonexistent testimony by a vocational expert, the ALJ had, under the circumstances, improperly relied on the Medical

Vocational Guidelines to support a finding of non-disability.

The parties, having failed to object to the Report and Recommendation, waived their right to appellate review of the factual and legal issues it addressed. <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1059-60 (10th Cir. 1996). *See* 28 U.S.C. § 636(b)(1)(C); LCvR72.1(a). Accordingly, the court adopts Magistrate Judge Couch's Report and Recommendation, **REVERSES** the final decision of the Commissioner and **REMANDS** the case for further proceedings consistent with the Report and Recommendation, a copy of which is attached to this order.

**IT IS SO ORDERED.**

Dated this 21st day of November, 2006.

JOE HEATON
UNITED STATES DISTRICT JUDGE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DONALD L. AUSTIN, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-05-1054-HE |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF THE SOCIAL | ) |
| SECURITY ADMINISTRATION, | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff, Mr. Donald L. Austin, Jr., brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of Defendant Commissioner's final decision denying Mr. Austin's application for disability insurance benefits and supplemental security income benefits. The matter has been referred for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). The Commissioner has answered and filed the administrative record (AR). Both parties have briefed their respective positions, and the matter is now at issue. For the reasons stated below, it is recommended that the Commissioner's decision be reversed and remanded.

### I.     The Administrative Decision

The Administrative Law Judge (ALJ) issued his decision on June 25, 2004, and found Mr. Austin not disabled. AR 20-23. Following the five-step sequential evaluation process, *see Fisher-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005), the ALJ found at step one that Mr. Austin had not engaged in substantial gainful activity since his alleged disability onset date of August 31, 1999. AR 20, 22. At step two, the ALJ determined that Mr. Austin

has "musculoskeletal problems" and that this impairment is severe within the meaning of the Social Security regulations. AR 20, 22.

At step three, the ALJ determined Mr. Austin's severe impairment does not meet or equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 21, 22. The ALJ next determined that Mr. Austin has the residual functional capacity to perform "light labor." AR 21, 22. The ALJ found that Mr. Austin can lift no more than 20 pounds at a time, that he is capable of frequently lifting or carrying up to 10 pounds and that he can walk or stand approximately 6 hours in an 8-hour workday. AR 21. Based on this residual functional capacity, the ALJ determined at step four of the sequential evaluation process that Mr. Austin could not return to his past relevant work. AR 21, 22. At step five, the ALJ determined that Mr. Austin could perform light, semiskilled work as a short order cook and sedentary, semiskilled work as a semiconductor assembler. AR 21. The ALJ further determined that a substantial number of these jobs exist in significant numbers both in the local and national economy. AR 21, 22. Therefore, the ALJ determined Mr. Austin was not disabled. AR 21-22.

Mr. Austin appealed the ALJ's decision to the Appeals Council, and the Appeals Council denied his request for review, AR 8-10, making the ALJ's decision the final decision of the Commissioner.

## II. Issues Presented for Judicial Review

Mr. Austin presents the following issues for judicial review: (1) the ALJ's credibility analysis is directly contrary to the law and is not otherwise supported by substantial evidence; (2) the ALJ ignored significant probative evidence in the record that contradicts his findings; (3) the ALJ's finding that Mr. Austin could perform the full range of light work is not supported by substantial evidence because it fails to include any nonexertional limitations related to pain; and (4) the ALJ's step-five finding as to specific jobs Mr. Austin can perform is not supported by substantial evidence because the record does not contain any such vocational testimony.

## III. Standard of Review

Because the Appeals Council denied review, the ALJ's decision is the Commissioner's final decision for purposes of this appeal. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003). Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole, and whether the correct legal standards were applied. *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal* 331 F.3d at 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court

3

considers whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but does not reweigh the evidence or substitute its own judgment for the Commissioner's. *Hackett*, 395 F.3d at 1172 (quotations and citations omitted).

IV. **Analysis**

The record demonstrates Mr. Austin first experienced back pain in 1990 following an on-the-job injury. AR 110, 427-428. Most of Mr. Austin's treatment as evidenced by the medical record has been provided through the Veterans Administration (VA). As the ALJ observed at the hearing, Mr. Austin "got quite a bit of treatment there off and on over the years." AR 428. Mr. Austin's treatment at the VA spans the time period February 2000 through December 2002. AR 175-404. Mr. Austin has been prescribed Oxycodone and Ibuprofen for pain and Cyclobenzaprine and Flexeril for back spasms. He also has been prescribed Naproxen for headaches. AR 175, 195, 241, 246, 250 and 259. In addition, a TENs Unit has been prescribed. AR 175. He has been diagnosed at the Veterans Administration with chronic low back pain and intermittent radicular pain in the right leg as well as shoulder and knee arthralgia. AR 250, 251. The record also indicates Mr. Austin enrolled in an Alternative Care Program in part, "to see if it [would] help him cope with his chronic pain." AR 302. In the most recent treatment records from the VA dated December 2002, Mr. Austin was diagnosed with chronic daily headaches and chronic low back pain. AR 175.

Mr. Austin also sought emergency room treatment in February and March 2000 for back pain following a motor vehicle accident. AR 115-116, 120-121. The emergency room treatment records indicate his use of the pain medication Percocet or Percodan for treatment of his pain. AR 115.[1]

Treatment records during a period of incarceration from November 2001 through June 2002 similarly reflect Mr. Austin's back and shoulder pain and his use of pain medication to treat these conditions. AR 136-158.

X-rays taken in February 2000 showed a normal lumbrosacral spine and a normal cervical spine. AR 117. X-rays taken in August 2001 showed some degenerative joint disease and degenerative disc disease, as well as mild sclerosis. AR 185.

In November 2002, Dr. Saidi conducted a consultative exam of Mr. Austin finding he has a history of chronic back pain. AR 159-165. Dr. Saidi found straight-leg raise test to be mildly positive on both sides, decreased dorsolumbar flexion, extension and lateral flexion associated with pain and stiffness, hip joint flexion, rotation and abduction mildly decreased with pain and stiffness, and shoulder joint bilateral rotation with some stiffness but without any significant pain. AR 161. *See also* AR 204 ("normal ROM lumbar spine with pain on extension and rotation"); *compare* AR 132 (decreased ROM in cervical and lumbar spine; temporary total disability).

---

[1] The emergency room records further indicate he had suffered a gunshot wound to his left ankle. AR 115.

5

The record also contains two Residual Functional Capacity Assessments conducted in November 2002 (disability insurance benefits claim) and March 2003 (supplement security income benefits claim). AR 166-173, 405-411. The Assessments contain identical findings that Mr. Austin can occasionally lift 50 pounds, frequently lift 25 pounds, stand or walk about 6 hours in an 8-hour workday, sit about 6 hours in an 8-hour workday and do unlimited pushing or pulling. AR 167, 406. Contrary to these RFC Assessments, treatment records from the VA indicate Mr. Austin can stand 20 minutes, walk 30 minutes and sit for an extended period with shifting of weight. AR 195.

### A.   Claim One – The ALJ's Credibility Determination

The record demonstrates some objective medical evidence of a pain-producing impairment as well as a loose nexus between the impairment and Mr. Austin's pain. Accordingly, the ALJ was required to evaluate Mr. Austin's subjective pain testimony and the other pertinent evidence before him. *See Luna v. Bowen*, 834 F.2d 161, 164-65 (10th Cir. 1987) (once a claimant has shown the existence of a pain-producing impairment and a loose nexus between such impairment and his subjective allegations of pain, the ALJ may not simply rely on objective medical data to determine whether the claimant suffers from disabling pain). *See also Huston v. Bowen*, 838 F.2d 1125, 1131 (10th Cir. 1988) ("[T]he claimant is entitled to have his nonmedical objective and subjective testimony of pain evaluated by the ALJ and weighed alongside the medical evidence.").

At the hearing before the ALJ, Mr. Austin testified that his back problems have become progressively worse since his 1990 on-the-job injury. AR 427-428.[2] Mr. Austin testified that he has pain in his lower back, his hips and his legs. AR 429. He takes pain medication on an ongoing basis. AR 430. The pain medication causes drowsiness and affects his daily activities. AR 430.

Mr. Austin testified that he can sit for approximately five minutes before becoming uncomfortable. AR 431. He stated he would rather stand than sit but did not testify as to the duration of his ability to stand. He testified he could lift a vacuum and carry it across the house. AR 431.

Mr. Austin testified that he needs to take five or six breaks in the day due to back pain. AR 432. He will sit to relieve back pain for periods of 15 to 20 minutes. AR 432. He no longer drives a car because he cannot turn his neck due to pain. AR 433. The neck pain extends to his arms. AR 433. Mr Austin testified that sitting in the house a lot or laying down causes him to get headaches so he likes to get up and walk around. AR 434. Mr. Austin testified his daily activities include taking out the trash, some cooking, and grocery shopping. AR 434.

At the time of the hearing, Mr. Austin testified that he was trying to work at a car wash vacuuming cars. He had performed that job for less than 60 days and was working 8 hours a day, 4 days per week. AR 435.

---

[2]The ALJ's decision makes no reference to the 1990 on-the-job injury nor gives any indication as to the history of Mr. Austin's back pain.

7

Without reference to or discussion of Mr. Austin's testimony, the ALJ made the following credibility determination: "The claimant's subjective complaints of pain are credible to the extent that they reduce his residual functional capacity to light labor." AR 22, ¶ 4. In support of this credibility determination, and referencing the guidance of Social Security Ruling 96-7p and *Luna v. Bowen*, the ALJ made the following limited finding: "There is no evidence of any muscle atrophy, only slightly reduced joint motion, no muscle spasm or sensory and motor disruption." AR 21. In making this finding, the ALJ appears to have relied exclusively on Dr. Saidi's consultative examination.[3]

The ALJ's finding that the medical record failed to demonstrate muscle atrophy is not substantial evidence that supports his credibility determination. First, there is no requirement that chronic back pain must be accompanied by evidence of muscle atrophy. Second, the ALJ's finding that Mr. Austin does not suffer from muscle spasms is contradicted by the record which, as set forth above, demonstrates he was taking prescription medication for muscle spasms. Third, the ALJ's finding that Mr. Austin suffers only "slightly reduced joint motion" is a legitimate observation and supported by the record, but by itself is not sufficient to sustain the ALJ's credibility determination.

The ALJ impermissibly relied upon only the evidence favorable to his determination and ignored other significant and probative evidence. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (The ALJ "may not ignore evidence that does not

---

[3]It is impossible to determine the precise evidence relied upon as the ALJ did not cite the medical evidence of record that supports his finding.

8

support his decision, especially when that evidence is significantly probative."); *see also Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996) ("[I]n addition to discussing the evidence supporting his decision, the ALJ also must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects."). He did not discuss Mr. Austin's history of back pain, treatment records from the VA or treatment records during Mr. Austin's period of incarceration, all of which document his chronic pain.

Indeed, out of the entire record, the ALJ only referenced two exhibits in his decision – a February 2000 emergency room visit following Mr. Austin's involvement in a motor vehicle accident (Exhibit 2F; AR 114-119) and Dr. Saidi's consultative examination performed in November 2002 (Exhibit 7F; AR 159-165). AR 20-21. The ALJ wholly ignored the treatment records from the VA despite having recognized at the hearing that Mr. Austin "got quite a bit of treatment there off and on over the years." AR 428.

Additionally, the ALJ's conclusion that Mr. Austin's allegations of pain are not supported by objective medical evidence is an insufficient basis for finding a claimant's subjective complaints of pain not credible. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) ("[W]e will not reject your statements about the intensity and persistence of your pain or other symptoms . . . solely because the available objective medical evidence does not substantiate your statements."); *Luna*, 834 F.2d at 165 ("If objective medical evidence must establish that severe pain exists, subjective testimony serves no purpose at all."). The ALJ's opinion makes no reference to Mr. Austin's testimony or other record

9

evidence pertinent to the pain analysis. For example, the ALJ failed to address Mr. Austin's continuing treatment for pain or the pain medications he had been prescribed. This evidence is critical to the proper pain analysis. *See Thompson v. Sullivan*, 987 F.2d 1482, 1489 (10th Cir. 1993) (addressing factors for consideration including: (1) the levels of medication and their effectiveness; (2) the extensiveness of the attempts to obtain relief; (3) the frequency of medical contacts; (4) subjective measures of credibility that are peculiarly within the judgment of the ALJ; (5) the relationship between the claimant and other witnesses; and (6) the consistency or compatibility of nonmedical testimony with objective medical evidence).

The ALJ's assessment of Mr. Austin's credibility is further erroneous because the ALJ failed to closely and affirmatively link his credibility conclusions to the objective evidence and failed to discuss significantly probative evidence supporting Mr. Austin's allegations upon which he chose not to rely. *See Hardman*, 362 F.3d at 681. The ALJ should have considered all of the relevant evidence regarding Mr. Austin's allegations of pain instead of relying exclusively on those portions of the medical record favorable to his determination.

Because the ALJ made conclusory findings in determining Mr. Austin's complaints of pain are not credible, this Court is unable to determine the specific evidence that led the ALJ to reject Mr. Austin's testimony. It is for this very reason that the Tenth Circuit Court of Appeals has condemned the practice of conclusory credibility findings. *See Hayden v. Barnhart*, 374 F.3d 986, 992 (10th Cir. 2004) ("[A] credibility determination 'must contain specific reasons for the finding on credibility, supported by the evidence in the case record'

10

and be 'sufficiently specific' to inform subsequent reviewers of both the weight the ALJ gave to a claimant's statements and the reasons for that weight.") (*quoting* SSR 96-7p); *see also Hardman* 362 F.3d at 679 (conclusions in the guise of findings fail to inform the court "in a meaningful, reviewable way of the specific evidence the ALJ considered in determining that claimant's complaints were not credible").

In sum, the ALJ's credibility determination is not supported by substantial evidence and further the ALJ committed legal error in arriving at his credibility determination. *See Hayden*, 374 F.3d at 994. On remand, the ALJ should evaluate Mr. Austin's allegations of pain and limitations in accordance with the proper legal standards. If the ALJ rejects Mr. Austin's subjective complaints of pain, he should give specific reasons for doing so and should closely and affirmatively link his credibility conclusions to the objective evidence of record.

### B.   Claim Two – The ALJ's Consideration of the Evidence

In his second claim, Mr. Austin contends the ALJ erred in failing to specifically reference any medical evidence other than "the initial motor vehicle accident and the consultative examination." *See* Plaintiff's Opening Brief at 13. In response, the Commissioner relies upon the ALJ's statement that he considered the entire record. *See* AR 20 ("The Administrative Law Judge has carefully considered all the documents identified in the record as exhibits, the testimony at the hearing, and arguments presented."). In addition, the Commissioner contends the ALJ was not required to discuss medical records covering

11

the time period April 2000 through January 2002, because those records fall outside the time periods governing Mr. Austin's claims. The Commissioner further improperly offers post-hoc justifications for the ALJ's failure to consider this additional evidence contending the evidence does not alter the ALJ's determination that Mr. Austin is not disabled. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084-1085 (10th Cir. 2004) (discussing prohibition of post hoc justification of administrative action).

The record demonstrates that different time periods govern the determination of Mr. Austin's claim for disability benefits and his claim for supplemental security income benefits.[4] The ALJ did not separately address these claims in his opinion, and there is no indication that his failure to discuss the medical evidence Mr. Austin contends should have been addressed is based on the ALJ's determination that the evidence did not fall within the time periods governing Plaintiff's respective claims.

The Commissioner cites no authority for the contention that the medical evidence covering the interim time period April 2000 through January 2002 is not relevant to the periods under review. Although this evidence predates Mr. Austin's claim for supplemental security income benefits, as Mr. Austin points out, Tenth Circuit precedent deems such evidence to be relevant. *See, e.g., Hamlin v. Barnhart*, 365 F.3d 1208, 1223 n. 15 (10th Cir. 2004) (holding medical reports predating disability period at issue "are nonetheless part of

---

[4] The relevant time period governing Mr. Austin's claim for disability insurance benefits is the onset date of August 31, 1999, through March 31, 2000, the date his insured status expired. The relevant time period governing Mr. Austin's claim for supplemental security income is August 16, 2002, his application date, through June 25, 2004, the date of the ALJ's decision.

12

[the claimant's] case record, and should have been considered by the ALJ"); *see also Barnes v. Apfel*, No. 98-5156, 1999 WL 559846 at * 1(10th Cir. Aug. 2, 1999) (unpublished op.) (finding claimant's history of back and leg pain and headaches well-documented in the medical record even though little medical evidence existed after onset date and stating that "the medical evidence prior to that time is clearly relevant to the impairments and the pain that claimant is now alleging"); *Williams v. Apfel*, No. 97-7060, 1998 WL 51745 at *2 (10th Cir. Feb. 2, 1998) (unpublished op.) (claimant's treatment for headaches and mouth pain preceding period governing claim for disability "should not have been ignored in determining the existence and continuous nature of his conditions"). Similarly, though the medical evidence postdates Mr. Austin's claim for disability insurance benefits, the evidence is relevant to this claim as well. *See Baca v. Dept. of Health & Human Servs.*, 5 F.3d 476, 479 (10th Cir.1993) ("[E]vidence bearing upon an applicant's condition subsequent to the date upon which the earning requirement was last met is pertinent evidence in that it may disclose the severity and continuity of impairments existing before the earning requirement date or may identify additional impairments which could reasonably be presumed to have been present and to have imposed limitations as of the earning requirement date."). In *Baca*, the Court deemed medical records within fourteen months of the expiration of the claimant's insured status to be relevant. *Id.* at 479.

It was improper for the ALJ to ignore the additional medical evidence in the record. The ALJ's boilerplate language that he carefully considered all the documents identified in

13

the record as exhibits is insufficient and does not excuse him from carefully considering all relevant evidence and linking his findings to specific evidence. On remand, the ALJ should make specific findings as to the evidence relied upon in adjudicating Mr. Austin's claims for disability insurance benefits and supplemental security income benefits.

### C.    Claim Three – The ALJ's Residual Functional Capacity Determination

In his third claim, Mr. Austin contends the ALJ erred in failing to include nonexertional limitations related to pain and headaches in his residual functional capacity determination. As discussed in relation to Mr. Austin's first claim of error, the ALJ's rejection of Mr. Austin's pain testimony is not supported by substantial evidence. That error necessarily impacts the ALJ's residual functional capacity determination. On remand, the ALJ must determine Mr. Austin's residual functional capacity based on all of the relevant evidence including the medical records and Mr. Austin's own description of his limitations. The ALJ must adequately support and explain his determination of Mr. Austin's residual functional capacity.[5]

### D.    Claim Four – The ALJ's Step Five Finding

---

[5] In his decision, the ALJ made no reference to the Residual Functional Capacity Assessments. Although his determination that Mr. Austin could perform light work is consistent with the findings set forth in those Assessments, the ALJ's complete failure to discuss this evidence constitutes error. Moreover, the Court notes the ALJ's residual functional capacity determination omits a critical factor in that it contains no finding regarding Mr. Austin's ability to sit. AR 21.

14

In his final claim of error, Mr. Austin challenges the ALJ's step-five finding contending it is not supported by substantial evidence. The ALJ made the following step-five finding:

> The vocational expert at the hearing testified that a person with claimant's vocational profile and residual functional capacity has work existing as light, semiskilled work as a short order cook (with 1,300 jobs existing in Oklahoma and 89,000 in the nation) and a sedentary, semiskilled job as a semiconductor assembler (with 2,000 jobs existing in Oklahoma and 156,000 in the nation).

AR 21; *see also* AR 22, ¶ 10 ("The vocational expert at the hearing identified work existing in significant number in the region and the national economy into which a person with the claimant's vocational profile and residual functional capacity can make a vocational adjustment into.").

As Plaintiff points out, the administrative record of the hearing before the ALJ contains no such testimony by the vocational expert. But the Court notes that the pagination of the transcribed hearing from page 1 through page 16 (AR 423-437) shows that page 15 is missing. The VE's testimony begins on page 14 (AR 436) and ends on page 16 (AR 437). The VE's testimony specifically referenced in the ALJ's decision may have been transcribed on the missing page 15. Neither Plaintiff nor the Commissioner points out this discrepancy. Plaintiff simply argues that the ALJ cited to testimony that does not exist. The Commissioner, in turn, just ignores the fact that the ALJ cited to testimony not included in the administrative record and proffers an alternative justification for the ALJ's step-five findings. On remand this discrepancy in the record should be addressed.

15

While the missing record precludes a determination of Plaintiff's claim of error at step five, the Commissioner's alternative justification for the step-five finding also fails. The Commissioner argues that the ALJ properly relied on the Medical Vocational Guidelines (the "grids) to conclude that Plaintiff is not disabled at step five.[6] It is well-established, however, under Tenth Circuit precedent that "an ALJ may not rely conclusively on the grids unless he finds . . . that the claimant has no significant nonexertional impairment," and that finding must be supported by substantial evidence. *Thompson v. Sullivan*, 987 F.2d 1482, 1488 (10th Cir. 1993). As set forth above, the ALJ's implicit rejection of Mr Austin's subjective allegations of pain is not supported by substantial evidence. Under these circumstances, reliance on the grids to support a finding of non-disability is improper. *See, e.g., Huston*, 838 F.2d at 1131-1132 (absence of legally sufficient credibility findings regarding claimant's subjective allegations of pain precluded ALJ's reliance on grids as basis for disability determination). On remand, the ALJ must determine whether Mr. Austin has nonexertional impairments based on pain and, if so, the ALJ may be required to rely on vocational expert testimony to support his step-five finding.

In sum, a remand is recommended due to the ALJ's minimal findings that are not supported by adequate evaluation of the evidence in the record. The ALJ did not adequately evaluate, support or explain his evaluation of Mr. Austin's subjective complaints of pain. And the ALJ failed to discuss probative evidence contained in the record. These errors

---

[6]The grids are set out at 20 C.F.R. pt. 404, subpt. P, app. 2.

16

necessarily impacted both the ALJ's residual functional capacity determination and his step-five finding.

## **RECOMMENDATION**

It is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any such objections must be filed with the Clerk of the District Court by November 9, 2006. *See* LCvR72.1. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 20th day of October, 2006.

_____
VALERIE K. COUCH
UNITED STATES MAGISTRATE JUDGE